

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal Action No. 3:07CR363

TERRANCE SHAMONT HOWARD

### MEMORANDUM OPINION

Terrance Shamont Howard, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 40.)  The Government has moved to dismiss, inter alia, on the ground that the statute of limitations bars the § 2255 Motion.  For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

### I.  PROCEDURAL HISTORY

Howard pled guilty to distributing heroin.  (Plea Agreement 1, ECF No. 12.)  On January 15, 2008, the Court entered judgment against Howard and sentenced him to 151 months of imprisonment. (J. 2, ECF No. 24.)  Howard did not appeal.

On June 21, 2012, Howard placed the present § 2255 Motion in prison mail system for mailing to this Court.  (§ 2255 Mot. 4.)  The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).  In his § 2255

Motion, Howard asserts entitlement to relief upon the ground that the Court incorrectly sentenced him as a career offender.

## II.  STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > **(1)** the date on which the judgment of conviction becomes final;
> >
> > **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A.   **The Statute Of Limitations Bars Howard's § 2255 Motion**

Because Howard did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, January 30, 2008, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Howard had until Friday, January 30, 2009 to file any motion under 28 U.S.C. § 2255. Because Howard did not file his § 2255 Motion until 2012, the statute of limitations bars the § 2255 Motion unless Howard demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4) or equitable tolling.

Howard contends that his § 2255 Motion is timely because it is based "upon an intervening change of substantive law which decriminalize[d] conduct that was used to enhance his sentence under the career offender provisions of the guidelines." (§ 2255 Mot. 13 (citing, inter alia, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).)[1]   Apparently, Howard asserts

---

[1] In Simmons, the United States Court of Appeals for the Fourth Circuit

3

entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3) because Simmons was a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Simmons, however, "is not a Supreme Court decision recognizing a new right, [thus] it . . . cannot be invoked in connection with the limitation period onset contemplated by § 2255(f)(3). Bowman, 561 F. App'x at 298. Howard fails to demonstrate entitlement to a belated commencement of the limitation period or equitable tolling. See United States v. Whiteside, 775 F.3d 180, 184-87 (4th Cir. 2014) (rejecting the notion that the decision in Simmons provides a basis for belated commencement under 28 U.S.C. § 2255(f)(4) or

---

overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (emphasis omitted) (citing Simmons, 649 F.3d at 241). The Fourth Circuit has found that Simmons applies retroactively to cases on collateral review. United States v. Bowman, 561 F. App'x 294, 298 (4th Cir. 2014) (citing Miller v. United States, 735 F.3d 141, 145-47 (4th Cir. 2013)).

equitable tolling).   Accordingly,   the  statute  of  limitations
bars Howard's § 2255 Motion.

### III. CONCLUSION

For  the  foregoing  reasons,  Howard's  §  2255  Motion  (ECF
No. 40) will be denied.   The action will be dismissed.   The
Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum
Opinion to Howard and counsel for the Government.

And it is so ORDERED.

/s/  R EP
Robert E. Payne
Senior United States District Judge

Date: May 8, 2015
Richmond, Virginia

5